UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARINA ESPIRITU**, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>**COMISION ESTATAL DE ELECCIONES**, *et al.*,<br><br>    *Defendants*. | Civ. No. 24-01446 (MAJ) |

## ORDER

On September 22, 2024, Marina Espíritu, Francisco Concepción-Márquez, Dante Vélez-Iriarte, and Iris Delia Torres-López (collectively "Plaintiffs") filed a Complaint wherein they request injunctive and declaratory relief. (**ECF No. 1**). The named Defendants in this action are Comisión Estatal de Elecciones, Jessika D. Padilla-Rivera, Commonwealth of Puerto Rico, Domingo Emanuelli-Hernández, Aníbal Vega-Borges, Karla Angleró-González, Lillian Aponte-Dones, Roberto I Aponte-Berríos, and Juan Frontera-Suau (collectively "Defendants"). (**ECF No. 1**).

In their Complaint, Plaintiffs request a preliminary injunction ordering Defendants to: (1) extend the deadline for registration for the general elections until October 6, 2024; (2) update all public education materials, including written, online, and on-air, to reflect the requested deadline; and (3) ordering the Commonwealth of Puerto Rico to allocate all necessary budget and personnel to guaranty the right to vote of the people of Puerto Rico on November 5, 2024. (**ECF No. 1**). However, Plaintiffs failed to comply with the requirements of Federal Rule of Civil Procedure 65.

"[I]t is well-established that the moving party has the burden of showing why the request for preliminary injunction should be granted." *Overseas Mil. Sales Corp. v. Suárez-Meléndez*, 08-cv-1479, 2009 WL 497497, at *4 (D.P.R. Feb. 26, 2009). To that end, although Plaintiffs request a preliminary injunction in their Complaint, they do not specifically address the requirements for the entry of a preliminary injunction, nor do they move for a hearing on the issue. *Id.* (noting same). The First Circuit has set forth the following requirements for a district court to consider when deciding a party's motion for preliminary injunction:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004). Moreover, Plaintiffs have not provided proof of notice to Defendants in accordance with Federal Rule of Civil Procedure 65.

Accordingly, to the extent Plaintiffs are seeking a preliminary injunction, their request is **DENIED WITHOUT PREJUDICE**. Plaintiffs are hereby **ORDERED** by **September 24, 2024, at 5:00 p.m.** to:

1. File a formal motion for preliminary injunction;
2. Serve process upon Defendants with copies of all filings in this case and of this Order, certifying compliance;
3. Serve process of the Complaint and of this Order to the Puerto Rico Secretary of Justice and each of the Electoral Commissioners;
4. Provide a status of the case pending before the Superior Court of Puerto Rico (Case No. SJ2024CV08617), including a summary of the issues pending before it;

5. Show cause as to why this action should not be dismissed in light of the pending state court case; and

6. Show cause as to why this action should not be dismissed in light of the fact it was filed after the September 21, 2024, closing date of the Electoral Registry.

Defendants shall thereafter respond to Plaintiffs request for preliminary injunction and above-mentioned inquiries no later than **September 26, 2024, at 12:00 p.m**.[1]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September, 2024.

*s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] No extensions will be granted to any of the above-mentioned deadlines.