# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARINA ESPÍRITU**, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **COMISIÓN ESTATAL DE ELECCIONES**, *et. al.*, <br><br> Defendants | Civil No. 24-1446 (MAJ) |

## MOTION IN COMPLIANCE WITH COURT ORDER AT DOCKET NO. 18

**TO THE HONORABLE COURT:**

  **COME NOW,** Co-Defendants Comisión Estatal de Elecciones ("CEE"), Hon. Jessika D. Padilla Rivera, in her official capacity as Alternate President of the CEE, and the Commonwealth of Puerto Rico, represented by Hon. Domingo Emanuelli Hernández as Secretary of Justice, and very respectfully STATE, ALLEGE, and PRAY as follows:

  1. On September 24, 2024, the Court entered an order in which, among other matters, ordered the parties to state their position as to whether the Preliminary Injunction Hearing scheduled for September 27, 2024, should be consolidated with a Trial on the Merits by September 25, 2024, at 5:00PM (Docket No. 18).

  2. Appearing Co-Defendants hereby state their **opposition** to the proposed consolidation.

  3. The Court may consider consolidation of the preliminary and permanent injunction hearings under Fed.R.Civ.P. 65(a)(2) if several requisites are met, namely: fair notice to all

litigants in a clear and unambiguous manner, an opportunity to be heard on the matter, and no prejudice to either party by the consolidation. Vaquería Tres Monjitas, Inc. v. Laboy, 448 F.Supp.2d. 340, 347 (D.P.R. 2006).

4. A challenge to the constitutionality of the procedures governing voting registration in Puerto Rico for the upcoming general election requires that the parties be provided with adequate opportunity to prepare their cases and be heard. This Court has recognized the importance of this requirement in legal controversies of much lesser consequence. See Vaquería Tres Monjitas, Inc. v. Laboy, supra, pp. 350-351 (finding such criteria should be met for a constitutional challenge to the laws governing the milk industry in Puerto Rico).

5. For a permanent injunction, the movant must show actual success on the merits. Largess v. Supreme Judicial Court, 373 F.3d. 219, 223 (1st Cir. 2004). For a preliminary injunction, movant needs not establish a certainty of success, but a "strong likelihood that they will ultimately prevail." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d. 1, 10 (1st Cir. 2012). These very different standards for relief raise the possibility that a movant may meet the requirements for provisional, but not for permanent relief.

6. The complaint in this case contains allegations of disenfranchisement of thousands of Puerto Rican voters (Docket No. 1, ¶1); burdensome restrictions to register voters (Id., ¶4); lack of diligent action by Defendant CEEPR (Id., ¶8); unreasonable measures limiting registration (Id., ¶9); lack of organization and errors in the electronic system of the agency (Id., ¶19); arbitrary shortening of registration deadlines (Id., ¶20); negligence in the implementation of electoral code amendments (Id., ¶¶41 & 69); insufficient efforts on voter education (Id., ¶42); policies and restrictions which place undue burdens on the right to vote (Id., ¶¶ 76 & 77); and lack of justification in refusing to extend the voter registration deadline (Id., ¶79). To rule upon these

issues, the Court must apply a two-tiered inquiry: the Court must first assess the character and magnitude of the burden the State's rule imposes on voter's rights and the interests that justify such burden; then the Court must then consider the extent to which the State's concerns make the burden necessary. <u>VAMOS, Concertación Ciudadana, Inc. v. Puerto Rico</u>, 494 F.Supp.3d. 104, 131 (D.P.R. 2020).

7. Given the seriousness of Plaintiffs' allegations and their possible impact on the upcoming general elections and the public's confidence in the agency's ability to effectively administer the coming electoral event and in its eventual outcome, Co-Defendants are legally entitled to conduct discovery on these serious allegations to properly assess the strength of Plaintiffs' case as to their likelihood of meeting the requirements for permanent relief. The consolidation of the hearings for provisional and permanent relief, which Plaintiffs have not requested, would limit appearing Co-Defendants in their ability to conduct this discovery and to effectively rebut these allegations, which go to the heart of the CEE's duties as defined by law.

8. Appearing Co-Defendants are of the position that Plaintiffs have failed to comply with the *sine que non* conditions for the issuance of a preliminary injunction. However, if Plaintiffs were to succeed in their request for preliminary injunction, which Co-Defendants vehemently oppose, given the reality of the electoral calendar, appearing Co-Defendants would be open to discussing a mutually acceptable calendar for expedited and streamlined discovery meeting the essential interests of the parties.

**WHEREFORE**, Co-Defendants respectfully request this Honorable Court that it note, for the record, their opposition to the proposed consolidation in compliance with the Court's September 24, 2024, Order at Docket No. 18.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court who will send notification of such filing to the parties subscribing to the CM/ECF system.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on this 25th day of September 2024.

| | |
|---|---|
| **DOMINGO EMANUELLI-HERNÁNDEZ**<br>Secretary of Justice | *S/ Marcia I. Pérez Llavona*<br>**MARCIA I. PÉREZ LLAVONA**<br>USDC No. 223305 |
| **SUSANA I. PEÑAGARÍCANO-BROWN**<br>Deputy Secretary in Charge of Civil Litigation | Email: marperez@justicia.pr.gov<br>Tel. (787) 721-2900; ext. 1411/1421 |
| **JUAN C. RAMÍREZ ORTIZ**<br>Deputy Undersecretary in Charge of Civil Litigation | **DEPARTMENT OF JUSTICE OF PUERTO RICO**<br>Federal Litigation Division<br>PO Box 9020192<br>San Juan Puerto Rico, 00902-0192 |