UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARINA ESPIRITU, *et al.* | Case No. 3:24-CV-01446 (MAJ) |
| Plaintiffs, | |
| v. | |
| COMISION ESTATAL DE ELECCIONES, *et al.* | |
| Defendants. | |

## REQUEST FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION

TO THE HON. MARIA ANTONGIORGI JORDAN
U.S. DISTRICT JUDGE

COMES NOW ANíBAL VEGA BORGES, Commissioner for the PARTIDO NUEVO PROGRESISTA, through the undersigned counsel, and respectfully states and prays as follows:

1.     On September 23, 2024, this Honorable Court granted the Defendants until today at 12:00 p.m. to respond to the Plaintiffs' request for preliminary injunction. [Dkt. 7].

2.     The STATE ELECTIONS COMMISSION ("CEE") timely filed its response. [Dkt. 35]

3.     After reviewing the CEE's motion, COMMISSIONER VEGA BORGES respectfully requests leave to file a brief supplemental response to the Plaintiffs' request for preliminary injunction so that the Court may consider three issues that were not discussed but that it is respectfully submitted that will greatly aid the Court in its consideration of the case.

4.     The first issue concerns the Court's *subject matter jurisdiction*: the *federal court lacks subject matter jurisdiction to order the Defendants to comply with state law*.

       a.     The ELEVENTH AMENDMENT to the U.S. CONSTITUTION provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States by Citizens of another

State, or by Citizens or Subjects of any Foreign State."[1] Among other goals, the ELEVENTH

AMENDMENT seeks to protect the dignitary interest of the state of not being hauled into

federal court.[2] While the Commonwealth of Puerto Rico is not a "State,"[3] it enjoys the

protection of the ELEVENTH AMENDMENT.[4]

        b.        A claim that a state official violates state law in carrying out his or her

official duties is a claim against the state, which is barred by the ELEVENTH AMENDMENT,

depriving a federal court of jurisdiction to hear the matter.

        c.        As explained in *Pennhurst*, allowing suits against states for prospective

injunctive relief was justified as to <u>federal</u> <u>claims</u> "to permit the federal courts to vindicate

federal rights and hold state officials responsible to 'the supreme authority of the United

States.' "[5] However,

> This need to reconcile competing interests is wholly absent,
> however, when a plaintiff alleges that a state official has violated
> state law. In such a case the entire basis for the doctrine of *Young*
> and *Edelman* disappears. ***A federal court's grant of relief against***
> ***state officials on the basis of state law, whether prospective or***
> ***retroactive, does not vindicate the supreme authority of federal***
> ***law.*** On the contrary, ***it is difficult to think of a greater intrusion***
> ***on state sovereignty than when a federal court instructs state***

---

[1] U.S. CONST. AM. XI. Despite its literal reading, the Supreme Court has extended the scope of this Amendment to suits by citizens against their own State. *E.g., Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 362 (2001).

[2] *Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr. Corp.*, 322 F.3d 56, 61 (1st Cir. 2003) (*citing Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743 (2002)).

[3] *See Examining Bd. v. Flores de Otero*, 426 U.S. 572, 594 (1976).

[4] *Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. González-Feliciano*, 695 F.3d 83, 103 (1st Cir. 2012), *cert. denied*, 134 S. Ct. 54, 187 L. Ed. 2d 24 (2013).

[5] *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 105 (1984).

> *officials on how to conform their conduct to state law*. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.[6]

In other words, Congress has not abrogated the Eleventh Amendment for state-law claims and sovereign immunity bars suits in federal court against state officials acting in their official capacity for violations of state law, regardless of the relief sought.

      d.      Moreover, *Section 1983 does not provide a cause of action for violations of state law*. Rather, to state a claim under §1983 must allege a violation of a federal constitutional or statutory right.[7]

      e.      In light of the above, scope of these proceedings is *limited* to determining *whether the STATE ELECTIONS COMMISSION'S 45-day deadline to register to vote or to request any changes to a voter's registration violates the FIRST or FOURTEENTH AMENDMENTS to the U.S. CONSTITUTION*.

5.      The second issue concerns the *standard of review* applicable to the question before the Court.

      a.      To determine applicable standard of review, the Court must determine whether *the burden that the 45-day deadline places on those people who would be theoretically eligible to vote in Puerto Rico's next elections are "ordinary and widespread burden*s, such as those requiring 'nominal effort' of everyone," or whether they are severe and "beyond the merely inconvenient."[8]

---

[6] *Pennhurst*, 465 U.S. at 106 (emphasis added).

[7] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[8] *Crawford v. Marion Country Election Bd.,* 553 U.S. 181, 204 (2008) (Scalia, J., concurring).

b.      In the case of the former, a State's "reasonable, nondiscriminatory restrictions" will be subject to *rational review* and will be justified by a State's "important regulatory interests".[9] "[S]trict scrutiny is appropriate only if the burden is severe."[10]

6.      The third issue concerns the *scope of the relief requested*.

a.      The relief requested by Plaintiffs amounts to a statewide injunction extending the State Elections Commission's 45-day deadline for the *universe* of persons who could theoretically be eligible to vote in Puerto Rico's next elections.

b.      Facial challenges are disfavored[11] and a plaintiff seeking relief that would invalidate an election provision in all of its applications bears "a heavy burden of persuasion."[12]

c.      However, there are no factual allegations (as opposed to conclusory statements) in any of the Plaintiffs' pleadings or motions which would support any relief outside of that which the Court could grant to the Plaintiffs themselves.

WHEREFORE, ANÍBAL VEGA BORGES respectfully requests from this Honorable Court that he be granted leave to supplement the response to the Plaintiffs' request for preliminary injunction so that the Court may consider the three issues included herein.

---

[9] *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997). States have an interest in protecting the integrity, fairness, and efficiency of their ballots and election processes as means for electing public officials. *Bullock, 405* U. S., at 145. States have a valid interest in preserving the integrity and reliability of the electoral process. *Werme v. Merrill*, 84 F.3d 479, 486 (1st Cir. 1996). There is no question about the legitimacy or importance of the State's interest in counting only the votes of eligible voters and in the orderly administration and accurate recordkeeping to carefully identifying all voters participating in the election process. *Crawford*, 553 U.S. at 196.

[10] *Crawford*, 553 U.S. 205 (Scalia, J., concurring) (quoting *Timmons*, 520 U.S. at 358)

[11] *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449-51 (2008).

[12] *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 200 (2008) (opinion of Stevens, J.).

- 5 -

Respectfully submitted.

In Washington, District of Columbia, this 26th day of September 2024.

/s/ *Veronica Ferraiuoli Hornedo*
Veronica Ferraiuoli Hornedo
USDC No. 213814

✉ P.O. Box 195384
San Juan, PR  00919-5384
🖥 vero@ferraiuoli.pr
☏ (787) 296-4733
☎ (787) 510-5601

## CERTIFICATE OF SERVICE

I hereby certify that, on September 26, 2024, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

/s/ *Veronica Ferraiuoli Hornedo*